12-4431-cv
Humphreys v. Cablevision Sys. Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

JAMES HUMPHREYS,

     <u>Plaintiff-Appellant</u>,

     -v.-                       No. 12-4431-cv

CABLEVISION SYSTEMS CORPORATION,

     <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:     MICHAEL B. SCHULMAN, Michael B. Schulman & Associates, P.C., Melville, NY.

FOR DEFENDANT-APPELLEE:     RENE M. JOHNSON (Michelle Seldin Silverman, <u>on the brief</u>),

Morgan, Lewis & Bockius LLP, Princeton, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

James Humphreys appeals a judgment dismissing his claim against CSC Holdings LLC ("Cablevision") for sex discrimination in violation of New York State Human Rights Law ("NYHRL"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor. See Wrobel v. County of Erie, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).

"We typically treat Title VII and NYHRL discrimination claims as analytically identical, applying the same standard of proof to both claims." Salamon v. Our Lady of Victory

2

Hosp., 514 F.3d 217, 226 n.9 (2d Cir. 2008).  "In a Title VII sex discrimination case . . ., where there is no direct or overt evidence of discriminatory conduct, we apply the three-part burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to determine whether summary judgment is appropriate."  Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000).  "First, the plaintiff must establish a prima facie case of discrimination by showing that: (1) []he is a member of a protected class; (2) []he is qualified for [his] position; (3) []he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." Id.  "[A] showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group . . . is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case."  Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted). However, a plaintiff relying on such "disparate treatment evidence must show []he was similarly situated in all material respects to the individuals with whom []he seeks to compare [him]self."  Id. (internal quotation marks omitted).

"Generally speaking, a plaintiff's burden of establishing a prima facie case in the context of employment

3

discrimination law is 'minimal.'" Collins v. N.Y. City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002) (quoting McGuinness v. Lincoln Hall, 263 F.3d 49, 53 (2d Cir. 2001)). However, as in Collins, Humphreys "has not met even this low threshold, because the circumstances of his termination do not give rise to or support an inference of discrimination." Id.

Humphreys, a senior manager at a Cablevision facility, does not deny that he flagrantly violated Cablevision's Harassment Prevention Policy ("Policy") by showing two of his colleagues a vulgar and offensive internet video. Humphreys' only response is that one of the two viewers, Dianne Yepes, a human resources employee who later reported his conduct, was equally or more culpable because she did not immediately prevent Humphreys from showing the video, yet was spared termination.

On this record, this argument borders on the absurd. To use Yepes as a comparator for a showing of disparate treatment, Humphreys must show that Yepes was "similarly situated," i.e., "engaged in comparable conduct." Ruiz v. County of Rockland, 609 F.3d 486, 493-94 (2d Cir. 2010) (internal quotation marks omitted); see also Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000) ("[T]he standard for comparing conduct requires a reasonably close

4

resemblance of the facts and circumstances of plaintiff's and comparator's cases . . . ."). Humphreys introduced the video into the workplace and exhibited it to his co-workers. The Policy specifically prohibits "the *distribution* of sexually explicit or otherwise abusive or offensive . . . communications." J.A. 77 (emphasis added). It was Humphreys who distributed the video; at most, Yepes failed to interrupt the video and protect Humphreys from his own poor judgment. The audience members are not similarly situated comparators. Cf. Ruiz, 609 F.3d at 494 (employee who observed and participated in inappropriate behavior could not use as comparator an employee who only observed behavior).

Moreover, Humphreys' two prior incidents involving alleged or proven violations of the Policy distinguish him from persons in the audience. Humphreys was specifically counseled on the Policy after both incidents and was therefore on clear notice that his conduct was inappropriate. His rebuttal--that Yepes breached a separate employee confidentiality provision *after* the relevant incident--is a non sequitur.

Humphreys also relies on the mixed-motive theory of discrimination. Regardless of whether Humphreys presented the theory in district court, he has failed to proffer the

required evidence of discrimination and this additional theory therefore fails for substantially the same reasons. See de la Cruz v. N.Y. City Human Res. Admin. Dep't of Soc. Servs., 82 F.3d 16, 23 (2d Cir. 1996) ("In a 'mixed motives' case, a plaintiff must initially proffer evidence that an impermissible criterion was *in fact* a 'motivating' or 'substantial' factor in the employment decision. This burden is *greater* than the level of proof necessary to make out a McDonnell Douglas prima facie case." (second emphasis added) (citations omitted)).

Humphreys has not raised a genuine dispute of material fact on his sex discrimination claim. The district court properly granted summary judgment to Cablevision.[1]

We have considered all of Humphreys' remaining arguments and conclude that they are without merit. The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Because we review the record and district court's judgment de novo and find no genuine dispute of material fact, we need not consider whether the district court ignored new fact statements Humphreys submitted in his objections to Magistrate Judge Brown's Report and Recommendation.

6